UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERTA KELLY, | CASE NO. 12-5088 RJB |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| JP MORGAN CHASE & CO, USBancorp US BANK, LEE MITAU, GENERAL MORTGAGE GMAC, MERSCORP, MERS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, MATTHEW CLEVERLEY, C. MARIE ECKERT, TERESA H. PEARSON, JEANNE KALLAGE SINNOTT, DAVID WEIBEL, | |
| Defendants. | |

This matter comes before the Court on *pro se* Plaintiff's Motion to Amend Complaint. Dkt. 22. The Court has considered the pleadings filed regarding the motion, the remaining record and is fully advised.

Plaintiff's motion to amend the Complaint (Dkt. 22) should be denied. Amendment would be futile. Further, Plaintiff should be ordered to show cause, if any she has, why the

ORDER TO SHOW CAUSE- 1

1  original Complaint should not be dismissed for failure to state a claim.  Lastly, all Plaintiff's
2  pending motions should be renoted to be considered on March 30, 2012.

3                                    **I.        FACTS**

4         Plaintiff, who has brought many cases *pro se* in federal and state courts, is subject to a
5  pre-filing order in the District of Oregon, dated November 2, 2011, that provides: "[a]ll filings
6  from Roberta Kelly and/or Brent Webster, individually, collectively, or in alleged connection
7  with any other party, SHALL BE REVEIWED BY THIS COURT AND ORDERED FILED
8  ONLY IF SUCH FILINGS ARE DEEMED NOT FRIVOLOUS OR REPETITIVE." *In re*
9  *Kelly,* U.S. District Court for the District of Oregon, case number 3:11-mc-09266, Dkt. 1
10 (November 2, 2011) (*emphasis in original*).  This ruling follows a Findings and
11 Recommendation filed by United States Magistrate Judge for the District of Oregon, Dennis J.
12 Hubel, and adopted by the District Court, dismissing two consolidated cases with prejudice
13 because the claims were "incomprehensible."  *Roberta Kelly v. C. Marie Echert, et al.*, U.S.
14 District Court for the District of Oregon, case number 3:11-mc-00949, Dkt. 15 (September 14,
15 2011).  The Findings and Recommendation also lists five other of Plaintiff's Oregon cases which
16 were dismissed either on motions to dismiss or summary judgment motions, or as a sanction for
17 failing to comply with court orders.  *Id.*

18         A few months after the pre-filing order in Oregon was entered, Plaintiff filed this case in
19 Cowlitz County, Washington Superior Court.  Dkt. 1.

20         **A.  THE ORIGINAL COMPLAINT**

21         The Complaint in this case alleges that Plaintiff is bringing the action on behalf of herself
22 and three other parties.  Dkt. 3.  A majority of the Complaint is unclear.  For example, it alleges
23 that:

24

1       McCarthy Holthus, LLP, . . . Matthew R. Cleverley, . . . filed a fraudulent foreclosure and, I/We, Roberta Kelly and D. Lawrence Olstand and; [L. Carlyle
2       Martin and Linda C. Martin], in Cowlitz County in the Superior Court of Washington State, argued in Court, on the record, regarding *Unfair and Deceptive*
3       *Practices,* FRAUD, Washington Mutual [WAMU and USBANCORP], et al.

4 Dkt. 3, at 2 (*emphasis in original*). The Complaint "moves" "for settlement: [1] In or about June

5 4, 2010, at 5109 NE Ainsworth St., Portland OR 97218, the intentional *Sale Fail* cause

6 irreparable harm to 200 Coyote Lane, Castle Rock, WA 98611." *Id*. (*emphasis in original*). The

7 Complaint alleges that "[s]tock for JP Morgan Chase & Co., has diminished to $2.00 per share or

8 less. Hank Paulson is, according to international news, to be accountable. . . ." *Id.* The

9 Complaint alleges various parties and the some of the named Defendants "are all direct

10 participants in the *Sale Fail*." *Id.* (*emphasis in original*). The Complaint states "the entirety of

11 the claim(s) must be filed in the State of Oregon, Multnomah County Court." *Id*., at 3. The

12 Complaint further alleges that "[F]raud and unfair and Deceptive Practices by and through

13 USBANCORP/USBank, with multiple defendants [and licensed attorney(s)]." *Id.*

14     **B. PROCEDURAL HISTORY**

15       Former Defendants John V. Acosta and Ann Aiken, as judicial officers of the courts of

16 the United States for the District of Oregon, "who were at all times relevant to this lawsuit acting

17 under color of their office and/or in the performance of their duties as judicial officers,"

18 removed this action under 28 U.S.C. § 1442. Dkt. 1. The claims against these judges from

19 Oregon were dismissed on March 6, 2012. Dkt. 21.

20       Many of the other Defendants have also moved to dismiss the claims against them,

21 including Defendant General Mortgage ("GMAC"), in its Motion to Dismiss or in the

22 Alternative to Transfer Venue (Dkt. 18), noted for consideration on March 30, 2012, and

23

24

ORDER TO SHOW CAUSE- 3

1  Defendants Matthew Cleverley and Fidelity National Title, in their Motion to Dismiss (Dkt. 30),
2  noted for consideration on March 30, 2012.

3  Plaintiff, in addition to the instant motion discussed below, has filed several other
4  pleadings, including a "Request for Reasonable Accommodation" (Dkt. 24), "Motion Request
5  for Reasonable Accommodation, Amended" (Dkt. 25), "Motion United States Constitution
6  [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta
7  Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz
8  County to the United States District Court Western District of Washington at Tacoma" (Dkt. 27),
9  "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a
10 Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and a hand written letter requesting that the
11 Court notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does
12 not have power or water (Dkt. 31).  To the extent that Plaintiff intends these pleadings to be
13 motions, they are presently noted for March 23, 2012, in accord with Western District of
14 Washington Fed. R. Civ. P. 7 (d).

15 **C.  MOTION AND PROPOSED AMENDED COMPLAINT**

16 In the instant motion, Plaintiff seeks leave to amend her Complaint.  Dkt. 22.  In this
17 proposed amended complaint, Plaintiff makes reference to "due process," the Truth in Lending
18 Act ("TILA"), and the Real Estate Settlement and Procedures Act ("RESPA").  Dkt. 22.  She
19 generally references the Washington State Constitution, including the preamble, and the U.S.
20 Constitution.  Dkt. 22.  She also generally references Washington's Consumer Protection Act.
21 Further, she adds new Defendants, including individual Stephen M. Cutler, and entities like the
22 U.S. Department of the Treasury and the Social Security Administration.  Dkt. 22.  She discusses
23 the two properties from the original Complaint, and an additional property in Oregon.  Dkt. 22.
24

1    Plaintiff's new allegations are also difficult to follow.  She alleges that she was, at some
2 point, employed in the mortgage industry.  Dkt. 22, at 8.  Plaintiff alleges that she was defined as
3 a "preferred broker" and had a "book of business."  Dkt. 22, at 8.  She then alleges that she was
4 "defrauded as have been millions of Americans by the alleged lenders of money *IE* Banks."  Dkt.
5 22, at 8 (*emphasis in original*).  She asserts that "[b]anks do not lend actual real money," that the
6 "Federal Reserve System [Fed] manufactures *via* a printing press, Federal Reserve notes as
7 alleged U.S. dollars," "member banks such as Chase, US Bank, *ET AL*, receive computer digits
8 from the Fed" and the banks make loans at "incalculable usury interest."  Dkt. 22, at 8 (*emphasis
9 in original*).  She asserts that US Bank sold a note on one of the Oregon properties, and so
10 violated various statutes.  Dkt. 22.
11    Plaintiff alleges that she "took over the payments" on the Washington property in 2003
12 from a Mr. and Mrs. Martin.  Dkt. 22.  She asserts that the "first mortgage loan" on the
13 Washington property had an "illegal/unlawful note."  Dkt. 22, at 11.  She then states that:
14     The Kelso-Longview area was in a continuance of a severe depression; (i) Alcoa
        had been globalized, (ii)  Mt. St. Helen's eruption was not yet in recovery at the
15      time The Martins were sold the alleged mortgage notes, (iii)  WAMU Neg-Am
        was a note where the loan could be adjusted up to as high as one hundred and
16      twenty-five percent [125%] of the amount of the alleged loan sold to a consumer.
17 Dkt. 22, at 11.  She alleges that "Chase" purchased "WAMU," and that Chase violated TILA and
18 RESPA "*et cetera*" on the Washington property.  Dkt. 22, at 11 (*emphasis in original*).
19    Her proposed amended complaint also alleges that Ronald Frashour III of the Portland
20 Police Bureau entered her Portland home and "emptied his canister of Sabre Red pepper onto
21 Plaintiff."  Dkt. 22, at 13.  She next states that "[i]n December 2009, Robert Seaver, an expert
22 witness for Plaintiff Kelly's lawsuit against the PPB had filed an Oregon BAR complaint against
23 the PPB and its former Chief of Police Kruger for the Nazi cult ritually honored at the Rocky
24

ORDER TO SHOW CAUSE- 5

Butte facility." Dkt. 22, at 13.  She alleges that costs from a trial in which she was "fully acquitted" have never been paid and so caused the "sale fail" on the Washington property.  Dkt. 22, at 13.

Her proposed amended complaint further states that "Obamacare is an example of the continuance of the globalists' financial agenda to destroy any and all rights' of the American individual via the ultimate eminent domain of our health."  Dkt. 22, at 15.  She then alleges that the Department of the Treasury, the Social Security Administration, and the Internal Revenue Service are "not transparent" and "more likely than not Kelly has filed hundreds of filings in the court system to protect our individual *Bundle of Rights*."  Dkt. 22, at 16 (*emphasis in original*).

Plaintiff seeks, against each of the Defendants, a "declaratory judgment," an "order for Quiet Title," damages, attorney's fees, and costs.  Dkt. 22.

### D.  ORGANIZATION OF OPINION

This opinion will first address Plaintiff's motion for leave to amend her Compliant (Dkt. 22) and next examine her original Complaint to determine whether it meets the requirements of Fed. R. Civ. P. 8 and whether this is the proper venue for Plaintiff's case.  This opinion will then address whether her remaining motions (Dkts. 24, 25, 27, 29, and 31) should be renoted.

### II.     DISCUSSION

A. **MOTION TO AMEND AND ORIGINAL COMPLAINT CLAIMS FOR RELIEF?**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  Futility alone can justify the denial

1  of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal
2  quotations and citations omitted*).

3  Further, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a
4  "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed.
5  R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief
6  can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal
7  theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
8  *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

9      1.  <u>Proposed Amended Complaint</u>

10  Plaintiff's motion to amend her complaint (Dkt. 22) should be denied. As the above
11  discussion of the proposed amended complaint demonstrates, Plaintiff's proposed amend
12  complaint is full of disjointed allegations, many of which are frivolous and without merit.
13  Moreover, it does not appear that this Court has jurisdiction over many of the parties and
14  properties, some of which are located in Oregon. Further, Plaintiff fails to allege sufficient facts
15  to support any kind of cognizable legal theory. Plaintiff makes no showing that amendment
16  would not be futile. *Johnson,* at 1077. Her motion to amend her complaint should be denied.

17      2.  <u>Original Complaint</u>

18  Plaintiff's original Complaint does not appear to meet the requirements of Rule 8(a)(2). She
19  has not articulated "a short and plain statement" of a claim showing that she is entitled to relief.
20  In the interest of due process, on or before March 27, 2012, Plaintiff should be ordered to show
21  cause, if any she has, why this Complaint should not be dismissed. Defendants' response, if any,
22  should be filed on or before March 29, 2012, and the matter noted for consideration on March
23  30, 2012.

24

Further, pursuant to 28 U.S.C. § 1391 (e)(1),

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

Additionally, it is unclear, based on the allegations in the original Complaint whether this is the proper venue for this case. Accordingly, on or before March 27, 2012, Plaintiff should be ordered to show cause, if any she has, why this case should not be dismissed for being brought in the improper venue. Defendants' response, if any, should be filed on or before March 29, 2012, and the matter noted for consideration on March 30, 2012.

### B. OTHER PENDING MOTIONS

Consideration of Plaintiff other pleadings, including a "Request for Reasonable Accommodation" (Dkt. 24), "Motion Request for Reasonable Accommodation, Amended" (Dkt. 25), "Motion United States Constitution [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz County to the United States District Court Western District of Washington at Tacoma" (Dkt. 27), "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and a hand written letter requesting that the Court notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does not have power or water (Dkt. 31) should be renoted for March 30, 2012. Some of the issues they raise are similar to issues already before the Court on that day.

### C. NOTICE

1   This Court has taken judicial notice of the pre-filing order issued in U.S. District Court for

2   the District of Oregon. Plaintiff should be aware that if she chooses to continue to file cases and

3   motions that are frivolous and without merit, she could be subject to sanctions, such as fines

4   and/or dismissal of her case, pursuant to Fed. R. Civ. P. 11.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Amend Complaint (Dkt. 22) **IS DENIED**.

- On or before **March 27, 2012**, Plaintiff is **ORDERED TO SHOW CAUSE**, if any she has, why her Complaint should not be dismissed for failure to state a claim and for improper venue. Defendants' response, if any, shall be filed on or before **March 29, 2012**, and the matter noted for consideration on **March 30, 2012**.

- Plaintiff's other pleadings, including a "Request for Reasonable Accommodation" (Dkt. 24), "Motion Request for Reasonable Accommodation, Amended" (Dkt. 25), "Motion United States Constitution [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz County to the United States District Court Western District of Washington at Tacoma" (Dkt. 27), "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and a hand written letter requesting that the Court notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does not have power or water (Dkt. 31) **ARE RENOTED** for **March 30, 2012**.

1     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2 to any party appearing *pro se* at said party's last known address.

3     Dated this 20th day of March, 2012.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge