UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERTA KELLY, | CASE NO. 12-5088 RJB |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S VARIOUS MOTIONS AND DISMISSING CASE |
| JP MORGAN CHASE & CO, USBANCORP, US BANK, LEE MITAU, GENERAL MORTGAGE GMAC, MERSCORP, MERS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, MATTHEW CLEVERLEY, C. MARIE ECKERT, TERESA H. PEARSON, JEANNE KALLAGE SINNOTT, DAVID WEIBEL, | |
| Defendants. | |

This matter comes before the Court on the Plaintiff's "Request for Reasonable Accommodation" (Dkt. 24), Plaintiff's "Motion Request for Reasonable Accommodation, Amended" (Dkt. 25), Plaintiff's "Motion Extension of Time" (Dkt. 39), Plaintiff's "Motion to Argue Memo in Opposition to Defendants' Motion to Dismiss Request Oral Hearing to be Scheduled Trial by Jury" (Dkt. 38), Defendants Matthew Cleverley and Fidelity National Title's

Motion to Dismiss (Dkt. 30), Defendant Matthew Cleverley's Motion for Protective Order (Dkt. 33), General Mortgage GMAC's ("GMAC") Motion to Dismiss or in the Alternative to Transfer Venue (Dkt. 18), the Court's Order to Show Cause (Dkt. 32), Plaintiff's "Motion United States Constitution [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz County to the United States District Court Western District of Washington at Tacoma" (Dkt. 27), "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and Plaintiff's hand written letter requesting that the Court notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does not have power or water (Dkt. 31). The Court has considered the pleadings filed regarding the motions, the remaining record, and is fully advised. Oral argument has been requested, but is not necessary for the Court to decide these motions.

Plaintiff's motion for an attorney, to the extent that she makes such a motion, should be denied. Plaintiff's motion for extension of time and motion for leave to amend her Complaint should be denied. The Defendants' motions to dismiss should be granted because Plaintiff has failed to articulate a claim against any of them for which relief could be granted, and amendment of the Complaint would be futile. Further, Plaintiff has failed to show cause why the Complaint should not be dismissed for failure to state a claim against the remaining Defendants. The other pending motions should be stricken as moot and this case should be closed.

### I. FACTS

The facts and procedural history are in this Court's Order to Show Cause (Dkt. 32, at 1-6), and are adopted here by reference. For ease of reference, some facts are repeated.

Plaintiff, who has brought many cases *pro se* in federal and state courts, is subject to a pre-filing order in the District of Oregon, dated November 2, 2011, that provides: "[a]ll filings from Roberta Kelly and/or Brent Webster, individually, collectively, or in alleged connection with any other party, SHALL BE REVEIWED BY THIS COURT AND ORDERED FILED ONLY IF SUCH FILINGS ARE DEEMED NOT FRIVOLOUS OR REPETITIVE." *In re Kelly,* U.S. District Court for the District of Oregon, case number 3:11-mc-09266, Dkt. 1 (November 2, 2011) (*emphasis in original*). This ruling followed the Findings and Recommendation filed by United States Magistrate Judge for the District of Oregon, Dennis J. Hubel, and adopted by the District Court, dismissing two consolidated cases with prejudice because the claims were "incomprehensible." *Roberta Kelly v. C. Marie Echert, et al.*, U.S. District Court for the District of Oregon, case number 3:11-mc-00949, Dkt. 15 (September 14, 2011). The Findings and Recommendation also lists five of Plaintiff's other Oregon cases which were dismissed either on motions to dismiss or summary judgment motions, or as a sanction for failing to comply with court orders. *Id.*

Shortly thereafter, Plaintiff filed another case in Multnamah County, Oregon, Circuit Court, naming the moving parties here (Matthew Cleverley, Fidelity National Title and GMAC) and 30 other defendants, including other individuals and entities named in this case. *Kelly v. U.S. BANCORP-USBANK-GMAC-MERS,* U.S. District Court for the District of Oregon, case No. 3:12-HU-00199 (February 3, 2012 D. Or.). The case was removed to U.S. District Court for the District of Oregon. *Id.* Pursuant to the pre-filing order, on February 7, 2012, the case was dismissed as "without merit, frivolous, and repetitive, and unable to state a claim." *Kelly,* Dkt. 3, at 2.

1       This Court has taken judicial notice of the pre-filing order issued in U.S. District Court for the District of Oregon.

### A. THE COMPLAINT

On January 11, 2012, a few months after the pre-filing order in Oregon was entered, Plaintiff filed this case in Washington Superior Court, Cowlitz County. Dkt. 1. The Complaint in this case alleges that Plaintiff is bringing the action on behalf of herself and three other parties. Dkt. 3. A majority of the Complaint is unclear. For example, it alleges that:

> McCarthy Holthus, LLP, . . . Matthew R. Cleverley, . . . filed a fraudulent foreclosure and, I/We, Roberta Kelly and D. Lawrence Olstand and; [L. Carlyle Martin and Linda C. Martin], in Cowlitz County in the Superior Court of Washington State, argued in Court, on the record, regarding *Unfair and Deceptive Practices,* FRAUD, Washington Mutual [WAMU and USBANCORP], *et al.*

Dkt. 3, at 2 (*emphasis in original*). The Complaint "moves" "for settlement: [1] In or about June 4, 2010, at 5109 NE Ainsworth St., Portland OR 97218, the intentional *Sale Fail* cause irreparable harm to 200 Coyote Lane, Castle Rock, WA 98611." *Id.* (*emphasis in original*). The Complaint alleges that "[s]tock for JP Morgan Chase & Co., has diminished to $2.00 per share or less. Hank Paulson is, according to international news, to be accountable. . . ." *Id.* The Complaint alleges various parties and the some of the named Defendants "are all direct participants in the *Sale Fail*." *Id.* (*emphasis in original*). The Complaint states "the entirety of the claim(s) must be filed in the State of Oregon, Multnomah County Court." *Id.*, at 3. The Complaint further alleges that "fraud and unfair and Deceptive Practices by and through USBANCORP/USBank, with multiple defendants [and licensed attorney(s)]." *Id.*

### B. PROCEDURAL HISTORY

Former Defendants John V. Acosta and Ann Aiken, as judicial officers of the courts of the United States for the District of Oregon, "who were at all times relevant to this lawsuit acting

under color of their office and/or in the performance of their duties as judicial officers," removed this action under 28 U.S.C. § 1442. Dkt. 1. The claims against these judges from Oregon were dismissed on March 6, 2012. Dkt. 21.

On March 20, 2012, Plaintiff's motion to amend her Complaint was denied. Dkt. 32. Plaintiff failed to show that any of the allegations would entitle her to relief. *Id*. Further, Plaintiff was ordered to show cause, if any she had, why the original Complaint should not be dismissed for failure to state a claim. *Id.* Her response, if any, was to be filed by March 30, 2012. *Id.*

Plaintiff has filed several pages of pleadings, including a "Request for Reasonable Accommodation" (Dkt. 24) and "Motion Request for Reasonable Accommodation, Amended" (Dkt. 25). In these two pleadings, it appears that Plaintiff is moving the Court for appointment of counsel, and they should be construed as such.

In her "Motion Extension of Time" (Dkt. 39), Plaintiff seeks 30 days to file a response to the Order to Show Cause and seeks leave to file an amended complaint.

In Plaintiff's "Motion to Argue Memo in Opposition to Defendants' Motion to Dismiss Request Oral Hearing to be Scheduled Trial by Jury" (Dkt. 38), Plaintiff requests oral argument on Defendants' motions to dismiss.

Plaintiff has also filed "Motion United States Constitution [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz County to the United States District Court Western District of Washington at Tacoma" (Dkt. 27), "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and a hand written letter requesting that the Court

notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does not have power or water (Dkt. 31).

Further, pending before the Court is a Motion by Defendant Matthew Cleverly for a Protective Order regarding Plaintiff's daily discovery requests (Dkt. 33), multiple Defendants' motions to dismiss (Dkts. 18, 19, and 30), and the Court's order to show cause why this case should not be dismissed (Dkt. 32).

Lastly, Defendant Mathew Weibel's Motion to Dismiss (Dkt. 35) is not yet ripe for consideration (it is noted for consideration on April 6, 2012) but seeks dismissal of the case against him, and so will be addressed in the discussion of the order to show cause, Section II D, below.

### C. ORGANIZATION OF OPINION

This opinion will first consider Plaintiff's motion for an attorney, to the extent that she makes one, then her motion for extension of time, and her motion for leave to file an amended complaint. The opinion will then turn to the Plaintiff's motion for oral argument, Defendants' motions to dismiss, the Court's order to show cause why the case should not be dismissed for failure to state a claim, and Defendant Weibel's motion to dismiss. Lastly, the opinion will address the remaining motions.

## II. DISCUSSION

### A. PLAINTIFF'S MOTION FOR APPOINTMENT OF AN ATTORNEY

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of

the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

To the extent that Plaintiff moves for the appointment of counsel in her "Request for Reasonable Accommodation" (Dkt. 24) and "Motion Request for Reasonable Accommodation, Amended" (Dkt. 25), her motion should be denied. Plaintiff has failed to show that her case has any merit. She has failed to make any claims which would entitle her to relief. Further, it is wholly unclear what Plaintiff otherwise seeks when she moves for "reasonable accommodations" in these two pleadings. Accordingly, they (Dkts. 24 and 25) should be denied.

B. **MOTION FOR EXTENSION OF TIME TO RESPOND TO THE ORDER TO SHOW CAUSE AND FOR TIME TO FILE AN AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 16, a schedule may be modified only for good cause.

Plaintiff's motion for an extension of time to respond to the Order to Show Cause should be denied. In response to the Order to Show Cause why the Complaint should not be dismissed for failure to state a claim, Plaintiff moves the Court for an additional thirty days to "do the discovery required to answer the order to show cause." Dkt. 39. Plaintiff states that she does "not deny the confusing language to speak fluently" and that "[d]ue process of law - the process is mostly a mystery" to her. Dkt. 39, at 3. Even construing her pleadings liberally, Plaintiff fails to provide any basis for an extension of time, other than her *pro se* status. She does not provide any basis for concluding that discovery would aid her in articulating her allegations. She chose to file this case. She has been given ample time to determine her claims. Her motion for extension of time to respond to the Order to Show Cause (Dkt. 39) should be denied.

Plaintiff also seeks thirty days to file an amended complaint. Dkt. 39.

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Further, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff's motion for an extension of time to file an amended Complaint (Dkt. 39) should be denied. Plaintiff has been given ample opportunities to date to make her case, (the Complaint, and proposed second amended complaint) and all are full of disjointed allegations and claims, most of which are indecipherable, frivolous and without merit. Moreover, it does not appear that this Court has jurisdiction over many of the parties and properties, some of which are located in Oregon. Further, Plaintiff fails to allege sufficient facts to support any kind of cognizable legal theory. Plaintiff makes no showing that giving her time for further amendment would not be futile. *Johnson,* at 1077. Her motion for more time to file an amend complaint (Dkt. 39) should be denied.

**C. PLAINTIFF'S MOTION FOR ORAL ARGUMENT, DEFENDANTS' GMAC, MATTHEW CLEVERLY AND FIDELITY NATIONAL TITLE'S MOTIONS TO DISMISS AND DEFENDANT MATTHEW CLEVERLY'S MOTION FOR PROTECTIVE ORDER**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

1. Plaintiff's Motion for Oral Argument on the Motions to Dismiss

Western District of Washington Local R. Civ. P. 7(b)(4) provides that "unless otherwise ordered by the court, all motions will be decided by the court without oral argument."

Plaintiff's motion for oral argument on the motions to dismiss (Dkt. 38) should be denied. Oral argument is not necessary to decide the motions.

2. Defendants Matthew Cleverly and Fidelity National Title's Motion to Dismiss and Motion for Protective Order

Defendants Matthew Cleverly and Fidelity National Title's Motion to Dismiss (Dkt. 30) should be granted. The only mention in the Complaint involving Matthew Cleverly is that he "filed a fraudulent foreclosure" and that Plaintiff "in Cowlitz County, in the Superior Court of Washington State, argued in the Court, on the record, regarding unfair and Deceptive Practices, FRAUD, WASHINGTON MUTUAL [WAMU and USBANCOUR], *et al.*" Dkt. 3, at 2

(*emphasis in original*).  In regard to Mr. Cleverly, Plaintiff has failed to provide any grounds of her "entitlement to relief." *Twombly,* at 1964-65.  She has merely provided "a single label[] and conclusion[]," - fraud - without any factual support.  *Id*.  It is unclear how Plaintiff, or property in which Plaintiff has an interest, is connected to Mr. Cleverly in any manner.  She further states that she has already filed these claims and argued them before another Court, and provides no basis for this Court to conclude that she is not barred from raising them again here.

Plaintiff's "Opposition to Defendants' Motion to Dismiss," (Dkt. 37) offers no additional clarity.  Plaintiff relates that she has filed grievances against lawyers and judges involved in her cases. Dkt. 37.  She states she is experiencing "wealth transference via automatic undisclosed faux ownership electronic balance transfers to the predatory creditors." Dkt. 37.  She asserts that "[t]he continuance of stealing the wealth of Americans by and through creditors' [sic] is in violation of the Constitution in the State of Washington because the United States Constitution is the supreme law of the land." Dkt. 37, at 2.

Her assertions against Fidelity National Title are likewise unclear.  She alleges it was a "direct participant[] in the Sale Fail." Dkt. 3, at 2.  She makes no other allegations against it.  There are no allegations from which the Court can conclude that she is entitled to any relief.  Further, even if she did allege a claim against Fidelity National Title or Mr. Cleverly, it is unclear what relief she seeks.  Plaintiff's Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face" against Mr. Cleverly and Fidelity National Title.  *Twombly,* at 1974.  Her claims against them should be dismissed.

Defendant Matthew Cleverley's Motion for Protective Order (Dkt. 33), seeking relief from Plaintiff's almost daily discovery requests should be stricken as moot.  All Plaintiff's claims against Mr. Cleverley are dismissed by this Order, and no further discovery is warranted.

3. Defendant GMAC's Motion to Dismiss

Defendant GMAC's Motion to Dismiss or in the Alternative to Transfer Venue (Dkts. 18 and 19) should be granted. The only allegation against GMAC in the Complaint is that "USBANCORP/USBank/GMAC/MERS, *et al*., . . . are all direct participants in the *Sale Fail*." Dkt. 3, at 2 (*emphasis in original*). As was the case with Mr. Cleverley and Fidelity National Title, there are no allegations from which the Court can conclude that Plaintiff is entitled to any relief against GMAC. GMAC's motion to dismiss should be granted (Dkt. 18) and the claims against it should be dismissed for failing to state a claim upon which relief can be granted.

GMAC further moves to dismiss the claims against it because Plaintiff failed to properly serve it pursuant to Fed. R. Civ. P. 4. Rule 4(c)(2) provides that service of process must be by "[a]ny person who is at least 18 years old and not a party." Under Rule 4(h)(2), a corporation located in the United States must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Defendant GMAC's motion to dismiss for failure to properly serve it should also be granted. Plaintiff does not respond to this portion of the motion. Plaintiff has failed to show that she served GMAC in accordance with the rules. The Court need not reach GMAC's motion for alternative relief.

**D. ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED**

Plaintiff's Complaint should be dismissed for failure to state a claim and for filing her case in the improper venue.

1. *Failure to State a Claim*

Plaintiff's Complaint should be dismissed. Plaintiff's Complaint fails to meet the requirements of Rule 8(a)(2). She has not articulated "a short and plain statement" of a claim showing that she is entitled to relief. She has failed to show cause why this Complaint should not be dismissed. Even liberally construed, this Complaint is frivolous and fails to state a claim. *See Omar v. Sea-Land Serv. Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)(holding a trial court can dismiss a claim *sua sponte* under Rule 12(b)(6) where the claimant can not possibly win relief). It is clear that no amendment of the Complaint can cure the defects.

Defendant Mathew Weibel's Motion to Dismiss (Dkt. 35) is noted for consideration on April 6, 2012, should be stricken as moot because the claims made against him are dismissed pursuant to the foregoing paragraph.

*2. Venue*

Further, pursuant to 28 U.S.C. § 1391 (e)(1),

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

It is unclear, based on the allegations in the Complaint that this is the proper venue for this case. Plaintiff failed to show cause why this case should not be dismissed for being brought in the improper venue.

**E. OTHER PENDING MOTIONS**

Plaintiff remaining motions, including "Motion United States Constitution [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz County to

the United States District Court Western District of Washington at Tacoma" (Dkt. 27), "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and a hand written letter requesting that the Court notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does not have power or water (Dkt. 31) should be stricken as moot.

**F. NOTICE**

This Court has taken judicial notice of the pre-filing order issued in U.S. District Court for the District of Oregon and the many other frivolous cases Plaintiff has filed in other jurisdictions. This Complaint is likewise frivolous and fails to state a claim. It is clear that no amendment of the Complaint can cure the defects. Plaintiff should be aware that if she chooses to continue to file cases and motions that are frivolous and without merit, she could be subject to sanctions, such as fines and/or dismissals of her cases, pursuant to Fed. R. Civ. P. 11.

Additionally, no further pleadings, except a notice of appeal, if any, will be acted upon by this Court. If Plaintiff chooses to file an appeal and files for *in forma pauperis* status, her motion to proceed *in forma pauperis* should be denied because this case is without merit and is frivolous. The court has broad discretion in denying an application to proceed *in forma pauperis*. *See Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). This case should be closed and all remaining motions stricken as moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's "Request for Reasonable Accommodation" (Dkt. 24) and "Motion Request for Reasonable Accommodation, Amended" (Dkt. 25) **ARE DENIED;**
- Plaintiff's "Motion Extension of Time (Dkt. 39) **IS DENIED**;

- Plaintiff's motion for leave to amend her Complaint (Dkt. 39) **IS DENIED**;
- Plaintiff's motion for oral argument on the motions to dismiss (Dkt. 38) **IS DENIED;**
- Defendants Matthew Cleverley and Fidelity National Title's Motion to Dismiss (Dkt. 30) **IS GRANTED**, Plaintiff's claims against them **ARE DISMISSED**;
- Defendant Matthew Cleverley's Motion for Protective Order (Dkt. 33) **IS STRICKEN AS MOOT**;
- Defendant GMAC's Motion to Dismiss (Dkts. 18 and 19) **ARE GRANTED**; Plaintiff's claims against GMAC **ARE DISMISSED**;
- This Complaint **IS DISMISSED** as frivolous, for failure to state a claim, and for improper venue;
- Defendant Mathew Weibel's Motion to Dismiss (Dkt. 35) **IS STRICKEN AS MOOT**;
- Plaintiff's remaining motions, including "Motion United States Constitution [Bundle of Rights] Bill of Rights, I through X, State of Washington Constitution, Move Roberta Kelly, Ian Wilson, Ryan Wilson from the Superior Court in the State of Washington for Cowlitz County to the United States District Court Western District of Washington at Tacoma" (Dkt. 27), "Rule 53.3 Appointment of Masters in Discovery Matters Exhibit and Grievance against a Lawyer, Complaint and Geithner Exhibit" (Dkt. 29), and a hand written letter requesting that the Court notify U.S. Attorney Jenny A. Durkan that Plaintiff is at her Washington address and does not have power or water (Dkt. 31) **ARE STRICKEN AS MOOT**;

1  - This case is **CLOSED**.
2  - The Clerk is directed to docket any further pleadings filed in this case, but no further action will be taken, except on a notice of appeal, if any;
3  - Any motion to proceed *in forma pauperis* on appeal **WILL BE DENIED** because this case is frivolous and without merit.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of April, 2012.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge